NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAOXIA HE-LI, AKA Shaoxia He, | No. 20-70494 |
| Petitioner, | Agency No. A209-152-999 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2021[**]
Honolulu, Hawaii

Before: NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

Shaoxia He-Li, a citizen and native of China, petitions for review of the

denial of her application for asylum and withholding of removal. After reviewing

He-Li's testimony and the evidence in the record, the Immigration Judge ("IJ")

made an adverse credibility determination and concluded He-Li failed to prove

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

eligibility for relief. The Board of Immigration Appeals ("BIA") dismissed He-Li's appeal, and we have jurisdiction under 8 U.S.C. §1252. We review adverse credibility determinations and factual findings for substantial evidence, *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014), and we deny the petition.

1. In upholding the IJ's adverse credibility determination, the BIA properly relied on He-Li's submission of fraudulent visa applications in 2014 and 2015 and her misrepresentations to consular officials. The *Akinmade* exception, which permits refugees to lie to escape immediate danger, does not apply here. *Akinmade v. INS*, 196 F.3d 951, 955 (9th Cir. 1999). Although forced sterilization is an ongoing harm, *Qu v. Gonzales*, 399 F.3d 1195, 1203 (9th Cir. 2005), He-Li did not testify that her sterilization fifteen years prior was a reason for the misrepresentations and explained instead that she submitted false applications because of a low mood, recent divorce, and economic hardship.

2. We do not reach He-Li's contention that the BIA should not have relied on the interviewing Border Patrol agent's notes or on He-Li's omissions during her border and credible fear interviews. The adverse credibility determination is adequately supported by evidence that she lied several times to U.S. officials in her sequential visa applications and consular interviews, and by her evasive responses to questions about these applications.

3. The BIA's conclusion that the evidence failed to corroborate that He-

2

Li was forcibly sterilized also withstands substantial evidence review. Even assuming that He-Li was sterilized in China, the record does not compel the conclusion that the procedure was forcible. For instance, although He-Li submitted documents strongly suggesting she underwent a tubal ligation procedure at some time, she failed to submit corroborating evidence of her identity to confirm that the documents belong to her, and they do not indicate whether the procedure was forced. He-Li's father's declaration only weakly supports her claim, because he was not present at the relevant time.

**PETITION DENIED.**